**THE LAW FIRM, PLLC**
W. Alan Rose, BPR No. 28903
Derek A. Jordan, BPR No. 34299
Corey A. Spearman, BPR No. 40495
111 N.W. Atlantic Street
Tullahoma, TN 37388
Tel: (931) 222-4010
Email: alanrose@thefirm.law
       derek@thefirm.law
       coreyspearman@thefirm.law
*Attorneys for Ervin Lavelle Moore*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | |
|---|---|
| ERVIN LAVELLE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| COUNTY OF HAMILTON, TENNESSEE, ) | |
| HAMILTON COUNTY SHERIFF JIM ) | |
| HAMMOND, and DOES 1-15, INCLUSIVE ) | |
| ) | |
| Defendants. ) | |

### FEDERAL COMPLAINT WITH JURY DEMAND

COMES NOW, Plaintiff Ervin Lavelle Moore, by and through his below signed attorneys of record, and as for his claims of action against the above-named Defendants, alleges and shows claims for relief as follows:

### I.  BACKGROUND

1. This is a civil rights action brought under the Eighth Amendment to the Constitution of the United States and Title 42 of the United States Code, Section 1983 and 1988. Plaintiff brings this action to obtain compensatory damages, punitive damages, attorneys' fees, costs, and other equitable relief for his serious personal injuries and trauma suffered while in the

custody of, and due to the deliberate indifference of, Hamilton County, the Hamilton County Sheriff's Office, and the deputies at the Silverdale Detention Center in Chattanooga, Tennessee (hereinafter "Silverdale.")

2. Silverdale has long had the reputation of being a poorly run and dangerous jail. Inmates have been attacked and injured by other inmates armed with makeshift weapons, including stabbings with "shanks," or jail knives. Silverdale inmates also have died due to medical neglect and maltreatment by staff, prompting numerous lawsuits.

3. This state of affairs is well-known, as was evidenced in mid-February of 2020, when federal Judge Sandy Mattice, after consultation with federal Judge Travis McDonough, directed all fifty-two federal inmates housed in Silverdale to be transferred out of Silverdale and put into neighboring facilities due to concern for the inmates' safety.

4. Hamilton County took over operations of the formerly privately-run jail in December of 2020, but inmate-on-inmate violence and neglect by officials has continued.

5. Plaintiff, Ervin Lavelle Moore (hereinafter "Moore" or "Plaintiff"), was injured by four other inmates on April 22, 2022, when sheriff's deputies working at Silverdale placed Moore in the wrong compound. Moore was accosted by four inmates and stabbed in the left eyebrow, resulting in Moore suffering from eye pain, migraine headaches, insomnia, shortness of breath, post traumatic stress disorder (hereinafter "PTSD"), and memory loss. Further, Moore was subjected to inhumane living conditions when he was placed in the holding areas known as the "hole" and the "dayroom," including leaking ceilings, waterlogged floors, clogged toilets, overcrowding, and mold that aggravated Moore's asthma. Moore was also denied medication for his asthma and psychiatric condition, resulting in an aggravation of both ailments.

## II.  JURISDICTION AND VENUE

6. This action is brough pursuant to 42 U.S.C. § 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, and the Eighth Amendment to the Constitution of the United States.

7. The venue is proper in the Eastern District of Tennessee under 28 U.S.C § 1391(b)(2) where Silverdale is located and where its operations are based.

## III.  PARTIES

8. Plaintiff is a citizen of the full age of majority residing in Irwin County Detention Center, Ocilla, Georgia.

9. Defendant Hamilton County is a municipality that was created by the State of Tennessee in 1819. It owns Silverdale and is responsible for its operations.

10. Defendant Jim Hammond (hereinafter "Sheriff Hammond") is the former elected Sheriff of Hamilton County, sued in his individual and official capacity as sheriff, is an adult citizen of the State of Tennessee, and is domiciled in Hamilton County, Tennessee. Sheriff Hammond oversaw Silverdale and was responsible for the hiring, training, supervision, discipline, and control of the deputies under his command. He was responsible for all actions of the staff at Silverdale and was the final policy maker for Silverdale. He is liable both directly and vicariously for the actions complained of herein.

11. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 15, and therefore sues said Defendants by such fictitious names. DOES 1 through 15 may be natural persons or artificial persons. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible legally in some manner for the acts, conduct, omissions, and events referred to herein.

12. Plaintiff is informed and believes and thereon alleges that each Defendant acted at all times relevant herein as the agent, servant, employee, supervisor, co-venturer, subsidiary, and/or corporate-parent of each of the remaining Defendants. Plaintiff further alleges that the acts or omissions of any agent or employee of Defendants were done within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture, subsidiary, and/or corporate-parent relationship. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same has been ascertained.

## IV. FACTUAL ALLEGATIONS

*History of Inmate Violence, Medical Neglect, and Inhumane Conditions at Silverdale*

13. Silverdale is notorious for its inmate-on-inmate violence, failure to provide proper medical care to inmates, and inhumane living conditions

14. A Nashville-based private prison corporation, CoreCivic, formerly the Corrections Corporation of America, operated Silverdale from 1984 until Hamilton County took over operations in December of 2020.

15. Despite Hamilton County's takeover of the jail, inmate-on-inmate violence, neglect, and inhumane living conditions have continued.

16. On October 5, 2020, five Silverdale inmates were charged with attempted first-degree murder arising from an attack on a fellow prisoner that lasted for one to two hours and left the victim with 73 stab wounds.

17. On April 23, 2021, multiple Silverdale inmates were stabbed numerous times by fellow inmates wearing towels over their faces when officers placed them in a new cell despite the victims warning the officers that they would be attacked.

18. On September 5, 2021, a Silverdale inmate was stabbed nine times, including once in the face, when officers failed to lock his cell door and ignored the victim's attempts to alert them to the mistake.

19. In February of 2022, an open records request filed by NewsChannel9 revealed that Silverdale failed an inspection conducted by the Tennessee Corrections Institute in September of 2021. The inspection listed numerous deficiencies such as overcrowding in male housing units, multiple cameras in need of repair, and an HVAC unit in need of repair.

20. In March of 2022, a male Silverdale inmate was raped so savagely that he had to be released to a mental health facility with the likelihood of surgery necessary to repair the injuries incurred during the rape. The sentence he was serving was suspended.

21. In April of 2022, an inmate died of a drug overdose at Silverdale, where drugs are considered to be widely available due to neglect by officials.

22. On April 25, 2022, three days after Plaintiff was attacked at Silverdale, Hamilton County District Attorney General Neal Pinkston described Silverdale as "one of the most dangerous places to be in our county…" and claimed that it was "unacceptable." Sheriff Hammond responded saying that Pinkston "…hit the nail right on the head…"

23. In May of 2022, Silverdale failed a health inspection. Inspectors found rat droppings in the food storage area, no sanitizer present in washing buckets, and walls, floors, and ceilings that were dirty and in poor condition.

24. On May 16, 2022, an inmate was found dead in Silverdale. She was serving a 45-day sentence for drunk driving and was not provided the proper medication for her seizures and thyroid issues.

25. On May 26, 2022, another inmate died at Erlanger Hospital, where he was taken three months into serving his sentence at Silverdale for burglary and assault. He suffered from HIV and asthma, and likewise was not provided with proper medication by Silverdale deputies.

26. On July 23, 2022, four inmates escaped Silverdale. It took guards almost four hours to notice they were missing.

27. On December 20, 2022, yet another inmate was found dead in Silverdale. Officials have not yet released his cause of death. He was in jail on charges of speeding, evading arrest, endangerment, and a traffic violation.

28. Despite these multiple documented instances of violence and neglect, Plaintiff believes that Defendants have taken no action to prevent further deprivations of civil rights at Silverdale.

*The Attack on Moore and Subsequent Deprivations of his Civil Rights*

29. On April 22, 2022, Silverdale guards placed Moore in the Delta-4 compound, a compound reserved for violent offenders. Moore's charges dictated that he be placed in a lower compound with other non-violent offenders.

30. As a result, Moore was accosted by four other inmates and stabbed in his left eyebrow.

31. Moore was then escorted to booking where he remained, bleeding, for five hours before being taken to Erlanger Hospital to receive medical care.

32. When Moore was returned to Silverdale, he was placed in a unit known as the "hole." The "hole" suffers from notoriously bad living conditions, including a leaking ceiling, clogged toilets, and mold that aggravates Moore's asthma.

33. On or around June 22, 2022, Moore was forced to live in the "day room," which suffers from the same inhumane conditions as the "hole," including mold, waterlogged floors, flimsy mats placed on the floor for sleeping, and overcrowding. Moore has described the "dayroom" as being like a tent city for the homeless.

34. In addition to the attack and inhumane living conditions, Moore has been denied access to proper medical care throughout the duration of his confinement at Silverdale. For months, Moore was denied access to medication for his psychiatric condition and an inhaler for his asthma.

35. As a result of the deprivations of Moore's rights committed by Defendants, Moore suffered and continues to suffer from a beleaguering range of maladies including a severe hematoma and tissue swelling in the left side of his forehead, migraines, insomnia, persistent eye pain, shortness of breath, paranoia, PTSD, and memory loss.

## V. FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 – VIOLATION OF EIGHTH AMENDMENT BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS

36. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. The Civil Rights Act, as codified at 42 U.S.C. § 1983, provides as follows:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . ."

38. Pursuant to the Eighth Amendment, Plaintiff, an inmate at Silverdale, had a constitutional right to be free from cruel and unusual punishment during his confinement,

including a right to be provided with humane living conditions, adequate medical care, and protection from violence by other inmates.

39. Defendants acting individually and together, under the color of law, acted to violate Plaintiff's rights when they: 1) placed him in the wrong compound resulting in him being attacked by four other inmates; 2) subjected him to confinement in the "hole" and "dayroom," units suffering from numerous defects so as to constitute inhuman living conditions; and 3) denied his access to medication for his psychiatric condition and asthma, aggravating both ailments.

40. Defendants understood their actions would result in the deprivation of Plaintiff's constitutional rights as evidenced by the numerous incidents of inmate-on-inmate violence, failed inspections, and public outcry from both that preceded Plaintiff's treatment.

41. Defendants' intentional, unreasonable, reckless, and deliberately indifferent acts were the moving force behind the violation of Plaintiff's constitutional rights and his resulting serious injuries.

42. Plaintiff's rights to be protected from inmate-on-inmate violence, confined in humane living conditions, and receive adequate medical care are all well-established, and reasonable persons in Defendants' position would have known or should have known that their actions would result in a violation of Plaintiff's constitutional rights.

## VI. SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – *MONELL* LIABILITY
### BROUGHT BY PLAINTIFF AGAINST DEFENDANTS HAMILTON COUNTY AND SHERIFF HAMMOND

43. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

44. Hamilton County—through the decisions of its policymaker Sheriff Hammond—was directly responsible for the deprivation of Plaintiff's constitutional rights as described herein and is thus subject to liability under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs of New York*, 436 U.S., 658, 691 (1978).

45. At all times material to this claim, Defendants Hamilton County and Sheriff Hammond failed to train, adequately supervise, and discipline officers regarding the appropriate segregation of violent and non-violent offenders, maintenance of humane living conditions, and provision of adequate medical care.

46. Defendants knew of the multiple failures in policy at Silverdale, as established by the instances cited herein, but nevertheless continued to operate the facility with minimal adjustments.

47. Defendants were aware of the need to supervise, train, investigate, and discipline their subordinates to mitigate unreasonable risks of harm to inmates in Defendants' custody.

48. Despite this knowledge, Defendants failed to adequately train, supervise, or discipline individuals who engaged in these behaviors. This failure to train, supervise, and discipline was a moving force behind the serious harm and violation of constitutional rights suffered by Plaintiff.

49. As final policymakers, these Defendants acting individually and collectively, engaged in, established, condoned, ratified, and encouraged customs, policies, usages, practices, patterns, and procedures that they knew would and did directly and proximately create conditions of confinement that failed to mitigate serious risks of harm and violations of constitutional rights.

50. Further, these Defendants failed to establish and maintain policies to mitigate known serious risks of harm, and these Defendants should have known that such failures would deprive people in their custody, including Plaintiff, of constitutional rights.

51. Defendants were aware that the policies, procedures, practices, customs, and usages they established and those they failed to establish would result in violations of constitutional rights.

52. These policies and practices specifically included Defendants' practice of failing to adequately classify inmates or develop and implement an adequate classification plan, failing to ensure adequate investigation into critical incidents, failing to implement corrective action plans to address the known substantial risks of harm described herein , failing to ensure deputies were observing housing units, failing to investigate incidents of harm, failing to provide appropriate training, disciplinary procedures, and supervision of staff, failing to ensure adequate staffing so as to effectively create inhumane conditions of confinement that allowed known substantial risks of serious injury to go unmitigated, failing to follow or enforce basic jail guideline requirements, failing to establish or enforce policies regarding the proper provisioning of medical care to inmates, failing to engage in oversight sufficient to prevent constitutional rights violations, and failing to adequately respond to obvious violations of constitutional rights of people held at Silverdale.

53. These actions, and failures to act, were a moving force in the substantial risk of harm and unconstitutional conditions of confinement leading to the Plaintiff's harms.

54. At all times material to this claim, Defendants were acting under color of law and in the course and scope of their employment. Defendants acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety and constitutional rights of Plaintiff by

failing to mitigate known serious risk of harm. The above-described widespread practices, which were so well-settled as to constitute the de facto policy of the Defendants, were allowed to exist because policymakers with authority over these acts exhibited deliberate indifference to the problems, thereby effectively ratifying them.

55. The policies, practices, and customs set forth above were the driving force behind the numerous constitutional violations in this case that directly and proximately caused Plaintiff to suffer the grievous and permanent injuries and damages set forth above.

## PRAYER FOR RELIEF

56. Wherefore, Plaintiff respectfully prays for judgment as follows:

A. For general damages plus interest, including prejudgment interest, in an amount to be determined by proof at trial;

B. For special damages plus interest, including prejudgment interest, in an amount to be determined by proof at trial;

C. For other economic and compensatory damages, in an amount to be determined by proof at trial;

D. For punitive and exemplary damages, including treble damages, as permitted;

E. For costs of suit incurred herein;

F. For reasonable attorneys' fees; and

G. For such other and further relief as this Court deems just and proper.

Dated this 6th day of January 2023.

/s/ W. Alan Rose
W. Alan Rose, BPR No. 28903
Derek A. Jordan, BPR No. 34299
Corey A. Spearman, BPR No. 40495
THE LAW FIRM, PLLC
111 NW Atlantic Street

Tullahoma, Tennessee 37388
Telephone: (931) 222-4010
email: alanrose@thefirm.law
derek@thefirm.law
coreyspearman@thefirm.law

*Attorneys for Ervin Lavelle Moore*